E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

Elijah Thompson
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

See Attachment No. 1
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. _____
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

The Clerk will not file a civil complaint unless the person seeking relief pays the entire filing fee (currently $350) and an administrative fee (currently $50) in advance, or the person applies for and is granted in forma pauperis status pursuant to 28 U.S.C. § 1915. A prisoner who seeks to proceed in forma pauperis must submit to the Clerk (1) a completed affidavit of poverty and (2) a copy of the trust fund account statement for the prisoner for the six month period immediately preceding the filing of the complaint, obtained from and certified as correct by the appropriate official of each prison at which the prisoner is or was confined for the preceding six months. See 28 U.S.C. § 1915(a)(2).

If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installment payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid. See 28 U.S.C. § 1915(b). A prisoner who is granted leave to proceed in forma pauperis is obligated to pay the entire filing fee regardless of the outcome of the proceeding, and is not entitled to the return of any payments made toward the fee.

## List of Defendants

D. Kimbrough

Burroughs

R. Ramos

M. Pettiford

L.S. Thomas

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Elijah Thompson
   All other names by which you have been known:
   ID Number: 75287
   Current Institution: Chester County Prison
   Address: 501 S. Wawaset Road
   West Chester, PA 19382
   City / State / Zip Code

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

   Defendant No. 1
   Name: Kimbrough, Q.
   Job or Title *(if known)*: Correctional Officer 1
   Shield Number: 1131
   Employer: Chester County Prison
   Address: 501 S. Wawaset Road
   West Chester, PA 19382
   City / State / Zip Code
   ☒ Individual capacity   ☒ Official capacity

   Defendant No. 2
   Name: Burroughs
   Job or Title *(if known)*: Correctional Officer 1
   Shield Number:
   Employer: Chester County Prison
   Address: 501 S. Wawaset Road
   West Chester, PA 19382
   City / State / Zip Code
   ☒ Individual capacity   ☒ Official capacity

Page 2 of 11

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

Defendant No. 3
   Name: B. Ramos
   Job or Title (if known): Sergeant Correctional Officer
   Shield Number: 762
   Employer: Chester County Prison
   Address: 501 S. Wawaset Road
   West Chester, Pa 19382
   City / State / Zip Code

[X] Individual capacity  [X] Official capacity

Defendant No. 4
   Name: See Attachment No. 2
   Job or Title (if known): For further Defendant
   Shield Number:
   Employer: information.
   Address:
   City / State / Zip Code

[ ] Individual capacity  [ ] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

   [ ] Federal officials (a *Bivens* claim)

   [X] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Excessive force (Pretrial detainee) - Due Process Clause - Fourteenth Amendment.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

ATTACHMENT NO.: 2

Defendant No.: 4
Name: M. Pettiford
Job or Title: Lieutenant Correctional officer
Shield Number: _____
Employer: Chester County Prison
Address: 501 S. Wawaset Road
    West Chester      Pa      19382
    City      State      ZIP Code
    [X] Individual Capacity      [X] Official Capacity

Defendant No.: 5
Name: L.S. Thomas
Job or Title: Lieutenant Correctional officer
Shield Number: 126
Employer: Chester County Prison
Address: 501 S. Wawaset Road
    West Chester      Pa      19382
    City      State      ZIP Code
    [X] Individual Capacity      [X] Official Capacity

Defendant No.: ___
Name: _____
Job or Title: _____
Shield Number: _____
Employer: _____
Address: _____
    City      State      ZIP Code
    [ ] Individual Capacity      [ ] Official Capacity

Defendant No.: ___
Name: _____
Job or Title: _____
Shield Number: _____
Employer: _____
Address: _____
    City      State      ZIP Code
    [ ] Individual Capacity      [ ] Official Capacity

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

*See Attachment No. 3*

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

*Cellblock R sallyport ; November 18th, 2021 @ 1855 hours*

## II.D. Statement of Jurisdiction

Defendant Correctional Officers D. Kimbrough and Burroughs violated Plaintiff's Fourteenth Amendment, specifically the Due Process Clause, in subjecting him while being a pre-trial detainee to cruel and unusual punishment in blatantly physically assaulting him with closed fists and feet and falsifying a misconduct citation in an attempt to justify the assault, while employed by and on duty at Chester County Prison, a state/local government entity, and thus acting under color of state and/or local law.

Defendant Correctional Officers R. Ramos, M. Pettiford and L.S. Thomas violated Plaintiff's Fourteenth Amendment, specifically the Due Process Clause, where they were fully aware that defendants Kimbrough and Burroughs had assaulted Plaintiff, and furthered the conspiracy thereof by citing Plaintiff with a misconduct citation in attempt to justify and cover up the assault (R. Ramos); refusing to conduct any kind of investigation into the citation and instead, assisting in covering up the assault, and failing to meet due process requirements, (M. Pettiford); and refusing to investigate an appeal and assisting in covering up the assault, (L.S. Thomas); while employed by and on duty at Chester County Prison, a state/local government entity, thus acting under color of state and/or local law.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

C. What date and approximate time did the events giving rise to your claim(s) occur?

November 18th, 2021 @ 1855 hours

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attachments No. 4 & 5

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Bruising, swelling and lacerations to eye, head, nose & mouth; bruised jaw; severe concussion; medically observed overnight, no treatment offered.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Injunctive relief - cameras be installed in sally ports; enforce due process rights for disciplinary hearings/appeals.

$550,000.00 in punitive damages to punish officers' assaultive behavior and incentivize prevention of further assaults.
$50,000.00 in compensatory damages for pain and suffering, past and future medical expenses and legal expenses
Totalling $600,000.00 in monetary relief.

## IV. D. Statement of claim

On November 18th, 2021 at approximately 1845 hours, Plaintiff pressed the emergency call button inside cell 63 on cell block R3, where he was housed, to alert the officers in the control room "bubble" that he was experiencing sharp, intense pains in his chest. Defendant Correctional Officer D. Kimbrough ("Kimbrough") approached the computers controlling cellblock R3 and silenced the alarm notifying him that Plaintiff had pressed the button, ignoring it. Plaintiff pressed the button again to which Kimbrough responded in the same manner. Plaintiff pressed the button a third time. This time, defendant correctional officer Burroughs ("Burroughs") responded, asking Plaintiff what he needed. Plaintiff informed him that he was experiencing sharp, intense pains in his chest. Burroughs that he would call medical and arrange an escort. Plaintiff at this time was classified as a security level "IC" meaning that he must be put in handcuffs and accompanied by an escort when leaving his cell. Disregarding that, Kimbrough opened the door to Plaintiff's cell via the computer in the control room, telling him to "come down to the sallyport and wait for [the] escort." Kimbrough intentionally violated facility policy for the sole purpose of attempting to justify the assault on Plaintiff that he was planning. While Plaintiff was waiting in the sally port for the escort, Kimbrough began taunting, harassing and threatening him. He told Kimbrough that he just wanted to get medical attention for his chest pains. Kimbrough made a reference to a grievance that Plaintiff had submitted earlier that same day, calling him a "bitch ass rat" and saying that he "should fuck [him] up right now." After a brief moment, Kimbrough began striking Plaintiff's face and head with closed fists. Plaintiff pressed both hands opened on the window for cellblock R2 so that the cameras could clearly see that he was not acting in any aggressive, assaultive, combative or resistive manner. Kimbrough continued to punch him and Burroughs told him to "get the fuck on the floor." Plaintiff complied, laying facedown on the floor and allowing Burroughs to place him in handcuffs, but Kimbrough's assault did not stop. When

Kimbrough finally stopped punching Plaintiff, who was face-down on the floor and in handcuffs, he kicked him in the face, then used his radio to call an emergency code one, which coordinates an immediate response to address an inmate assault on staff. Afterwards, Kimbrough fabricated a misconduct citation accusing him of threatening and attempting to assault an officer to justify Plaintiff's evident injuries. Defendant Correctional Officer R. Ramos ("Ramos") was the supervisor for Cellblock R, and accordingly reviewed videos of the incident as cameras on cellblock R2 captured it. Observing the incident as it had truly occurred, and knowing that Kimbrough had not only entirely falsified the citation, but committed a merciless, unprovoked assault on Plaintiff, still elected to approve the citation. At a disciplinary hearing for the citation, Plaintiff explained to defendant correctional officer M. Pettiford ("Pettiford") what had happened and that the cameras would support his version of the incident and contradict the citation. Pettiford refused to review camera footage and denied due process in refusing to be impartial and conduct any sort of evidentiary review stating that he didn't care and would simply take the officer's "word for it." Pettiford sanctioned Plaintiff with an excess of 100 day disciplinary time housed in a restricted housing unit ("RHU"). Plaintiff submitted an appeal to defendant Correctional Officer L.S. Thomas ("Thomas") again explaining what actually occurred and indicating that a simple review of the cameras would prove what happened. However, Thomas also refused to review them, denying due process, stating that "the incident citation is sufficient." Thomas, Pettiford and Ramos intentionally conspired in covering up the assault that Plaintiff was subjected to.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

VII. **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Chester County Prison_

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[X] Yes

[ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes

[ ] No

E. If you did file a grievance:

1. Where did you file the grievance?

   Chester County Prison

2. What did you claim in your grievance?

   The claim as specified herein.

3. What was the result, if any?

   Denied; see Exhibit "P-1" attached hereto

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

   Request for appeal denied by failure to respond; process complete by frustration

**Chester County Prison**
**Inmate Grievance Disposition**

To: *Warden Ronald Phillips*

From: *Captain Sergi*

Inmate Name: Elijah Thompson #75287
  Complaint Number: 75287-113021
  Date of Incident: 11/18/21
  Date Complaint Received: 12/6/21
  Date Complaint Reviewed: 12/6/21

__XX___ I have reviewed this complaint and have determined that it is not subject to the inmate grievance procedure for the following reasons:

Inmate Thompson claims he was assaulted by Officer Kimbrough who was escorting him from R-block sally port to Medical for chest pains. After reviewing Lt. Boyds findings, Officer reports and reviewing camera footage available through the Quad #2 Control windows, Thompson is seen taking a threatening posture and aggressively approaching the Officer. Thompson then stepped toward Officer Kimbrough, into his personal space, threatening to "Fuck him up". After pushing Thompson back several times, Officer Kimbough now felt threatened and when Thompson advanced again and threw his pass at Kimbrough he was taken to the floor. A struggle ensued and Officer Burroughs had to assist Kimbrough in getting Thompson cuffed. A Code # 1 was called. Nothing in the reports or the video can give merit to Inmate Thompson being inappropriately handled; his aggressive actions toward staff caused the officers to have to physically restrain him using what force was necessary.

_____    12/7/21
**Complaint Officers Signature**    **Date**

_____XX_____ This complaint has been formally resolved as follows:

Nothing to show inappropriate force used by staff while restraining Inmate Thompson.

_____XX_____ This grievance has been heard and I have been informed in writing of the grievance officer's decision. I have received a copy of the decision. I am aware that this decision maybe appealed in writing to the Warden within the next 5 working days.

_____  12/7/21  _____
*Inmates Signature*    Date    *Complaint Officers Signature*

Approved: ✓
Disapproved: _____    12-6-21
  **Warden Ronald Phillips**    Date

P-1

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) _____

    Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

    _____

3. Docket or index number

    _____

4. Name of Judge assigned to your case

    _____

5. Approximate date of filing lawsuit

    _____

6. Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

E.D.Pa. AO Pro Se 14 ( Rev. 04/18) Complaint for Violation of Civil Rights

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) ___Elijah Thompson___
   Defendant(s) ___Holmes, miller, Cross, Reese and Baker___

2. Court *(if federal court, name the district; if state court, name the county and State)*

   ___U.S. District — Eastern District of Pennsylvania___

3. Docket or index number

   ___22-cv-3507-JP___

4. Name of Judge assigned to your case

   ___John R Padova___

5. Approximate date of filing lawsuit

   ___August 10, 2022___

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Elijah Thompson
Prison Identification #: 15287
Prison Address: 501 S. Wawaset Road
West Chester, PA 15382

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
City: _____ State: _____ Zip Code: _____
Telephone Number: _____
E-mail Address: _____

Elijah Thompson K-19
501 S Wawaset Rd
Westchester, PA 19382

k-Block

+ 3.12

U.S.M.S. X-RAY

EASTERN DISTRICT OF PENNSYLVANIA

OFFICE OFF THE CLERK
UNITED STATES DISTRICT COURT
PHILADELPHIA, PA 19106-9865

RECEIVED OCT 6 2022
RECEIVED OCT 6 2022

quadient
FIRST-CLASS MAIL
IMI
$003.12
10/03/2022 ZIP 19382
043M31228302
US POSTAGE